1
2
3
4

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

5

6   ISAAC DEPRE FRAZIER JR.,                    Case No. C19-5752-RBL-TLF

7                        Plaintiff,             REPORT AND RECOMMENDATION

8       v.                                      Noted for October 25, 2019

9   SCOTT A. COLLIER, et al.,

10                       Defendants.

11        This matter is before the Court on plaintiff's filing of a motion to proceed *in forma*

12   *pauperis* (IFP) and a proposed 42 U.S.C. § 1983 civil rights complaint. Dkts. 1, 3. Plaintiff is

13   proceeding *pro se* in this matter, which has been referred to the undersigned Magistrate Judge.

14   *Mathews, Sec'y of H.E.W. v. Weber*, 423 U.S. 261 (1976); 28 U.S.C. § 636(b)(1)(B); Local Rule

15   MJR 4(a)(4). For the reasons below, the Court recommends that plaintiff's complaint be

16   dismissed prior to service pursuant to 28 U.S.C. § 1915A. The Court further recommends that

17   plaintiff's motion to proceed IFP (Dkt. 1) be stricken as moot in light of the recommended

18   dismissal.

19        Plaintiff fails to state a claim upon which relief may be granted. First, to the extent

20   plaintiff's complaint seeks to challenge the fact of his custody, his remedy lies in habeas corpus

21   and the Court recommends that these claims be dismissed without prejudice with leave to re-file

22   a 28 U.S.C. §2241 or §2254 habeas petition. Second, the Court recommends that these claims be

23   dismissed without prejudice pursuant to *Younger v. Harris* 401 U.S. 37, 45, 46 (1971), in light of

24
25

REPORT AND RECOMMENDATION - 1

plaintiff's ongoing state criminal proceedings. The Court recommends that leave to amend these claims be denied because any amendment would be futile.

BACKGROUND

Plaintiff alleges the judges presiding in his criminal case, defendants Collier, Fairgrieve, Clark, and Gonzalez, violated his rights by taking "private property" for "public use" and subjecting him to "cruel and unusual punishment." Dkt. 1-1, 3. Plaintiff alleges that the judicial defendants "used my customer name, ecclesiastical property, and/or corporate entity which is my name all upper case captionalized against me without my consent and authorization to misrepresent me as such." *Id.* Plaintiff alleges defendants have had "authority to offer relief and remedy" in various court proceedings but chose otherwise. *Id.* Plaintiff alleges this has resulted in funds being "withdrawn from Treasury Direct Account without my consent and authorization." *Id.* Plaintiff contends the judicial defendants have "committed the crime of forgery, in open court, by signing on behalf of the defendant" despite the fact that he had clearly stated previously "I do not consent to be misrepresented as the defendant." *Id.*

Plaintiff contends that "funds [are] being unlawfully transferred from his personal account" because of defendants' actions. *Id.* Plaintiff contends defendant Collier also raised an incompetency issue and that both he and defendant Fairgrieve "had me sent to Western State Hospital against my will" to be evaluated. *Id.* Plaintiff alleges he has been subjected to "cruel and unusual punishment" by the judicial defendants due to their failure to release him from "unlawful imprisonment." *Id.* Plaintiff alleges he was shackled and forced to endure a two and a half hour ride in a vehicle to Western State Hospital and was forced to endure an environment of mentally ill patients. *Id.* Plaintiff alleges defendants Clark, and Gonzalez, who have also presided

as judges in his criminal case, also violated his rights by refusing to release him and "using my corporate entity against me without my consent to misrepresent me." *Id.*

Plaintiff alleges defendant Kasey T. Vu, a prosecuting attorney, has violated his rights by refusing to dismiss the charges against him and "signed contracts offered where I am being misrepresented as the defendant." *Id.* Plaintiff alleges defendant Jeffrey D. Barrar has acted as a defense attorney on his behalf and "misrepresented him as a corporate entity within an insubstantial contract offered" and has contributed to plaintiff's unlawful imprisonment. *Id.* He alleges defendant Barrar has represented him without his consent and that he also misrepresented him as the defendant and made it seem as though plaintiff had agreed to go to Western State Hospital. *Id.* Plaintiff alleges defendant Whitney L. Hauke has also played a role as a defense attorney in his case and has "knowingly … misrepresent[ed] me as Isaac Depre Frazier Jr." and has contributed to the unlawful imprisonment he has had to endure. *Id.*

## DISCUSSION

Pursuant to 28 U.S.C.A. § 1915A,

> **(a) Screening.**--The court shall review, *before docketing*, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> **(b) Grounds for dismissal.**--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--
> **(1)** is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> **(2)** seeks monetary relief from a defendant who is immune from such relief.

Before the Court may dismiss the complaint as frivolous or for failure to state a claim, though, it "must provide the [prisoner] with notice of the deficiencies of his or her complaint and an opportunity to amend the complaint prior to dismissal." *McGucken v. Smith*, 974 F.2d 1050, 1055 (9th Cir. 1992); *see also Sparling v. Hoffman Constr., Co., Inc.*, 864 F.2d 635, 638 (9th Cir.

1    1988); *Noll v. Carlson*, 809 F.2d 1446, 1449 (9th Cir. 1987). On the other hand, leave to amend

2    need not be granted "where the amendment would be futile or where the amended complaint

3    would be subject to dismissal." *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991).

4    　　　To state a claim under 42 U.S.C. § 1983, a complaint must allege: (1) the conduct

5    complained of was committed by a person acting under color of state law, and (2) the conduct

6    deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the

7    United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981). Section 1983 is the appropriate

8    avenue to remedy an alleged wrong only if both of these elements are present. *Haygood v.*

9    *Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985). A complaint is frivolous when it has no arguable

10   basis in law or fact. *Franklin v. Murphy*, 745 F.3d 1221, 1228 (9th Cir. 1984).

11   **I.      Habeas Corpus versus § 1983 Actions**

12   　　　The Court first notes that, in addition to money damages, plaintiff seeks immediate

13   release from custody as relief. Plaintiff is challenging the constitutionality of his pretrial

14   detention/physical confinement and seeks immediate release, therefore this claim must be raised

15   in a habeas corpus petition under 28 U.S.C. § 2241 or § 2254 rather than a 42 U.S.C. §1983

16   complaint.

17   　　　An "action lying at the core of habeas corpus is one that goes directly to the

18   constitutionality of the prisoner's physical confinement itself and seeks either immediate release

19   from that confinement or the shortening of its duration. With regard to such actions, habeas

20   corpus is now considered the prisoner's exclusive remedy." *Preiser v. Rodriguez*, 411 U.S. 475,

21   503 (1973) (internal quotation marks and citation omitted). Section 2241(c)(3) permits federal

22   courts to grant relief to a pretrial detainee held "in custody in violation of the Constitution." 28

23   U.S.C. § 2241(c)(3); *see also McNeely v. Blanas*, 336 F.3d 822, 824 n. 1 (9th Cir. 2003). "A civil

24

25

rights action, in contrast, is the proper method of challenging conditions of confinement." *Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991) (internal quotation marks and citation omitted).

Thus, to the extent plaintiff challenges the fact of his custody and seeks immediate release his claims are properly raised in a habeas corpus petition, not a § 1983 complaint. Accordingly, the Court recommends that plaintiff's claims challenging the fact of his custody be dismissed without prejudice with leave to re-file a habeas corpus petition and that the clerk be directed to provide plaintiff with the appropriate forms for filing a habeas corpus petition.

## II.    Challenge to Ongoing State Criminal Action

All of plaintiff's claims are integrally related to his underlying state criminal proceedings. Specifically, plaintiff alleges that the judges, prosecutors and defense attorneys he names as defendants are "misrepresenting" him as a defendant in his criminal proceedings in which it is mistakenly claimed that he has committed a crime. Plaintiff's complaint challenges defendants' actions in their roles as judges, prosecutors and defense attorneys, in failing to release him from custody and pursuing charges against him. If this Court determined that defendants violated plaintiff's constitutional rights while acting in their roles as judges, defense attorneys, and prosecutors, in his criminal proceedings it would necessarily interfere with those ongoing criminal proceedings.

Generally, federal courts will not intervene in a pending criminal proceeding absent extraordinary circumstances where the danger of irreparable harm is both great and immediate. *See Younger v. Harris*, 401 U.S. 37, 45, 46 (1971). The *Younger* abstention doctrine requires that a district court abstain from deciding issues raised in a federal action if state proceedings are (1) ongoing, (2) implicate important state interests, and (3) afford the plaintiff an adequate opportunity to raise the federal issue. *Columbia Basin Apartment Ass'n v. City of Pasco*, 268

F.3d 791, 799 (9th Cir. 2001) (citation omitted). *Younger* principles apply to actions at law as well as for injunctive or declaratory relief because a determination that the federal plaintiff's constitutional rights have been violated would have the same practical effect as a declaration or injunction on pending state proceedings. *Gilbertson v. Albright*, 381 F.3d 965, 968 (9th Cir. 2004).

Applying the *Younger* criteria to this case shows that plaintiff cannot proceed in federal court. The state court criminal case is ongoing, involves a criminal prosecution that implicates important state interests, and there is nothing to indicate that plaintiff would be prevented from raising in his state court criminal case the same claims he raises in the present complaint in federal court. Plaintiff also fails to present sufficient facts in his complaint to show risk of great and immediate irreparable harm; there is no proof of any extraordinary circumstances requiring the Court's intervention. Therefore, it appears that this action would unduly interfere with the state criminal proceeding and the Court should abstain from deciding these claims pursuant to *Younger*. Accordingly, the Court should also dismiss plaintiff's claims without prejudice pursuant to *Younger*.

### III.    Amendment

Where a *pro se* litigant's complaint fails to state a claim upon which relief may be granted, the Court generally grants the opportunity to amend the complaint. *Lucas v. Dep't of Corrections*, 66 F.3d 245, 248 (9th Cir. 1995). However, the Court may deny leave to amend if "it is absolutely clear that no amendment can cure the defect." *Id*. Here, plaintiff argues for release from custody, and has filed a lawsuit in federal court that is subject to the *Younger* abstention doctrine. These are defects that would not be cured by an amended complaint.

### CONCLUSION

For the reasons above, the Court recommends that plaintiff's complaint be dismissed prior to service pursuant to 28 U.S.C. § 1915A as plaintiff's claims are deficient and not capable of amendment. Specifically, to the extent plaintiff seeks to challenge the fact of his custody, the Court recommends that his claims be dismissed without prejudice with leave to re-file a habeas petition and that the Clerk be directed to provide him with the appropriate forms for filing such a petition. In addition, the Court recommends that all claims should be dismissed without prejudice pursuant to *Younger v. Harris* in light of plaintiff's ongoing state criminal proceedings. The Court recommends that leave to amend these claims be denied because any amendment would be futile. The Court further recommends that plaintiff's motion to proceed IFP (Dkt. 1) be stricken as moot in light of the recommended dismissal.

The parties have **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto. 28 U.S.C. § 636(b)(1); Federal Rule of Civil Procedure (FRCP) 72(b); *see also* FRC P 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed set this matter for consideration on **October 25, 2019,** as noted in the caption.

Dated this 7th day of October, 2019.

Theresa L. Fricke
United States Magistrate Judge

REPORT AND RECOMMENDATION - 7